IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR-04-93-S-BLW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| RAFAEL FLORES SANDOVAL | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## INTRODUCTION

Pending before the Court is Defendant's Motion to Reduce or Correct Sentence Pursuant to Federal Rule of Criminal Procedure 35(a) (Docket No. 169). Because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will address and resolve the pending motion without a hearing. Having carefully reviewed the record and otherwise being fully advised, the Court enters the following order.

## BACKGROUND

On May 11, 2004, Defendant Rafael Flores-Sandoval and seven other individuals were indicted for conspiring to possess with the intent to distribute in excess of 500 grams of a mixture and substance containing the schedule II

**Memorandum Decision and Order - 1**

controlled substance methamphetamine, a violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.  The offense is punishable by a statutory minimum of ten years and a maximum of life in prison.  On December 9, 2004, Defendant Flores-Sandoval plead guilty to the offense.

On April 20, 2005, the Court sentenced Flores-Sandoval to serve 33 months in prison, to be followed by five years of supervised release.[1]  The sentence was calculated by assessing Defendant's base offense level to be to be 21, before granting a downward departure of one level for providing substantial assistance to the prosecution, pursuant to United States Sentencing Guideline §5K1.1.  The corresponding sentencing range was from 33 to 41 months in prison, to be followed by three to five years of supervised release.

At the sentencing hearing, defense counsel argued that Flores-Sandoval's sentence was disproportionate to the anticipated sentences of two co-defendants, who were believed to have had played a more dominant role in the conspiracy than Flores-Sandoval.  Co-defendants, Alcantar-Saldana and Salvador Trinidad-Guerrero, were tried before a jury in March 2005.  After the trial ended in a hung

---

[1] Defendant qualified for relief from the statutory prison sentence of ten years to life under 18 U.S.C. §3553(f).

**Memorandum Decision and Order - 2**

jury, the prosecution offered to allow Alcantar-Saldana and Salvador Trinidad-Guerrero to plead guilty to the lesser offense of misprision of a felony, in violation of 18 U.S.C. §4.  The offense carries a statutory maximum sentence of 36 months.  At the time of Flores-Sandoval's sentencing, neither Alcantar-Saldana nor Salvador Trinidad-Guerrero had accepted the plea agreements.

The Court was not persuaded by defense counsel's argument and found no justification for reducing Defendant's sentence further.  Alcantar-Saldana and Trinidad-Guerrero had not been convicted of the crime to which Flores-Sandoval had plead guilty; they had not entered plea agreements with the government; and they had not been sentenced.  Additionally, there was no basis for finding any disparity in sentencing between Flores-Sandoval and any other co-defendants.

Following Flores-Sandoval's sentencing, both Alcantar-Saldana and Salvador Trinidad-Guerrero did plead guilty to misprision of a felony.  Additionally, one other co-defendant, Israel Limon-Cortez, has since pled guilty to the conspiracy charge.  Like Flores-Sandoval, Limon-Cortez's base offense level was calculated to be 21.  He was then given a four level downward departure for providing substantial assistance to the prosecution.  Accordingly, Limon-Cortez was sentenced to 24 months in prison.

Flores-Sandoval now argues that the plea agreements signed by Alcantar-Saldana and Salvador Trinidad-Guerrero provide the Court with a basis for reducing Flores-Sandoval's sentence.[2]  For the reasons provided below, the Court disagrees.

## DISCUSSION

### I.   *Standard of Federal Rule of Criminal Procedure 35(a)*

Defendant moves for a reduction or correction of his sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure.  Rule 35(a) provides that the Court may correct a sentence that resulted from an arithmetical, technical or other clear error.  A motion for such a correction must be brought within seven days, exclusive of weekends and holidays.  *See* Fed. R. Crim. P. 45(a)(2).

District courts have little discretion to modify sentences and may do so only in very limited circumstances.  *United States v. Colace*, 126 F.3d 1229, 1231 (9th Cir. 1997).  Rule 35(a) is a mechanism for correcting technical errors, or clear errors that result in "illegal sentences."  *United States v. Scotten*, 593 F. Supp. 100,

---

[2] Defense counsel suggests that, during the sentencing hearing, the Court said that it would have considered reducing Flores-Sandoval's sentence further in order to avoid a disparity in sentencing if Alcantar-Saldana and Trinidad-Guerrero had entered plea agreements at that time.  After reviewing the hearing transcript, the Court does not find this to be an accurate representation of the Court's statements. As explained above, that these co-defendants had not entered plea agreements was only one reason that the Court could make no such comparison.  The Court further notes that Alcantar-Saldana and Trinidad-Guerrero still have not been sentenced.

**Memorandum Decision and Order - 4**

101(D. Nev. 1984) (an "illegal sentence" is one that is imposed in violation of the Constitution, in excess of the statutory maximum or resulting from an invalid proceeding).

The record reveals that Defendant's motion was timely filed, on April 29, 2005.  However, Defendant's motion is improperly brought under Rule 35(a). Defendant has not established that his sentence is the result of a an arithmetical, technical or clear error.  Rather, he has asked the Court to reduce his sentence pursuant to the Court's discretionary power under 18 U.S.C. §3553(a).  Clearly the Court's decision not to exercise its discretion does not constitute clear error. Moreover, as explained below, even if Defendant's motion can be brought under Rule 35(a), the Court declines to find that Defendant's sentence was not proportional to similarly-situated defendants.

## II.     18 U.S.C. § 3553(a)(6)

Defendant argues that a variance from the Guidelines is necessary to meet the congressional mandate of parity in the sentencing.  While Counsel cites 18 U.S.C. §3553(a)(5)-(7) generally, for this proposition, the Court finds that only 18 U.S.C. §3553(a)(6) is applicable here.  Under §3553(a)(6), the Court is to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

**Memorandum Decision and Order - 5**

Counsel asserts that a further downward departure is warranted because Mr. Flores-Sandoval is likely to receive a sentence that is similar to co-defendants, Mr. Alcantar-Saldana and Mr. Trinidad-Guerrero, whom the Government deemed to be "far more culpable" than Flores-Sandoval.  However, the fact remains that Alcantar-Saldana and Trinidad-Guerrero were not found guilty of the same crime as Flores-Sandoval.  Rather, they pled guilty to a lesser offense after the government was unable to obtain a conviction on the same conspiracy count to which Flores-Sandoval pled guilty.  Under these circumstances, there is simply no basis for concluding that their conduct was "similar."

The Ninth Circuit has repeatedly held that "the equalization of sentences is an improper ground for departure if the court is attempting to equalize the sentences of co-defendants who are *convicted* of committing *different offenses* even if their behavior was similar." *United States v. Caperna,* 251 F.3d 827, 831 (9th Cir. 2001)(citation omitted)(emphasis in the original).  Although this holding arose under the Sentencing Guidelines, the same rationale would seem to apply to 18 U.S.C. § 3553(a).  In order to determine parity of sentencing, Mr. Flores-Sandoval's sentence must be compared to that of Israel Limon-Cortez, who was the only other co-defendant to plead guilty to the conspiracy charge.

Like Mr. Flores-Sandoval, Mr. Limon-Cortez did not have a prior criminal

**Memorandum Decision and Order - 6**

record and played a minor role in the drug trafficking conspiracy. The Court calculated Limon-Cortez's base offense level to be exactly the same as that of Flores-Sandoval. Limon-Cortez did receive a downward departure of four levels as compared to the one level downward departure that Flores-Sandoval received. However, this difference merely reflects that Limon-Cortez was able to provide more assistance to the prosecution than Flores-Sandoval was able to provide. Accordingly, the Court does not find that Defendant received a disparate sentence which should have been addressed under 18 U.S.C. §3553(a)(6), and is unable to justify a further reduction of his sentence.

## ORDER

In accordance with the Memorandum Decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED that Defendant's motion to reduce or correct Defendant's Sentence (Docket No. 169) is DENIED. The terms and conditions of the judgment of conviction previously entered shall remain unmodified.

DATED: **July 28, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 7**